Billy Tanaya TJONG, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–72107.**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.[*]

Decided July 18, 2005.

Billy Tanaya Tjong, Fresno, CA, pro se.

Ronald E. LeFevre, Chief Counsel Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Allen W. Hausman, Attorney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM [**]

Billy Tanaya Tjong, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

Substantial evidence supports the BIA's adverse credibility finding because Tjong's testimony and application were inconsistent and lacked specificity regarding his and his family's fear of persecution. *See id.* at 1043; *see also Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999). Accordingly, he is not eligible for asylum.

Because Tjong failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the denial of Tjong's CAT claim. *See id.* at 1156–57.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.